UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ROSS P. DODDS and SHARON W. DODDS                                    PLAINTIFFS

V.                                                    CIVIL ACTION NO. 1:06CV915 LTS-RHW

RICHARD E. SCHMIDT, III, and
NATIONWIDE MUTUAL INSURANCE COMPANY                              DEFENDANTS

## MEMORANDUM OPINION

The Court has before it Plaintiffs Ross and Sharon Dodds' (the Doddses) motion to remand. For the reasons set out below, this motion will be granted.

This is an action to recover damages sustained in Hurricane Katrina. Plaintiffs allege that in August 2004, approximately one year before Hurricane Katrina, Plaintiff Ross Dodds requested that his insurance agent, Defendant Richard E. Schmidt (Schmidt), secure a flood insurance policy for the plaintiffs' dwelling at 505 Front Beach Drive, Ocean Springs, Mississippi. Schmidt is a local agent of Defendant Nationwide Mutual Insurance Company (Nationwide). This request is alleged to have been made in connection with a loan transaction between the Dodds and Merchants and Marine Bank in Ocean Springs, Mississippi.

The Doddses allege that Schmidt agreed to secure the requested flood policy and that Schmidt accepted a check from Plaintiff Ross Dodds for the premium he quoted for this coverage. Schmidt is alleged to have given his assurance that the requested flood policy, with limits of $250,000 for buildings and $100,000 for contents, would be issued by Nationwide.

The Doddses allege that based upon their assurance that a flood policy had been obtained, their loan with Merchants and Marine Bank was approved and closed. No flood policy was ever issued.

The Doddses allege that they did not discover Schmidt's failure to procure the coverage the plaintiffs requested until after the storm.

Nationwide has removed this action based on two theories: 1) that Schmidt has been fraudulently joined to defeat diversity jurisdiction and 2) federal question jurisdiction exists under the National Flood Insurance Program.

Fraudulent joinder is an issue on which Nationwide has the burden of proof. *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981). Nationwide's burden has been characterized as a heavy one because, in making the assessment whether joinder of a non-diverse defendant is fraudulent or legitimate, the district court must assume all the well-pleaded facts in the complaint to be true, must grant the plaintiffs all reasonable favorable inferences, and must resolve all doubtful issues of state law in favor of the party seeking remand. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Under these guidelines, this court must determine whether there is any reasonable basis upon which the plaintiffs could prevail and establish a right of recovery against the non-diverse defendant. If there is such a basis, the case must be remanded for resolution in the court where the action was originally filed.

Assuming the truth of the allegations made in the Doddses' complaint, they have stated a cause of action for negligence against Schmidt. Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care, and this includes the duty to procure the coverages requested. *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford*, 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).

Federal question jurisdiction exists if plaintiffs are claiming that benefits are payable under a flood insurance policy issued under the National Flood Insurance Act. *Winkler v. State Farm Fire and Casualty Company*, 266 F.Supp.2d 509 (S.D.Miss.2003) The relevant cases draw a distinction between claims related to the handling and adjustment of claims, for which the federal courts have exclusive jurisdiction, and claims related to the procurement of flood coverage, which fall outside federal jurisdiction under the National Flood Insurance Act. Compare *Winkler v. State Farm Fire and Casualty Company*, 266 F.Supp.2d 509 (S.D.Miss.2003) with *Landry v. State Farm Fire and Casualty Company,* 428 F.Supp.2d 531 (E.D.La.2006) on Motion To Alter or Amend Order or, in the Alternative, To Vacate Remand Order, *Landry v. State Farm Fire and Casualty Company*, 2006 WL 1593318 (E.D.La.2006). This distinction has not been eliminated by the decision in *Wright v. Allstate Ins. Co.*, 415 F.3d 384 (5th Cir. 2005).

It appears to be an undisputed fact that Nationwide did not issue a flood insurance policy. Thus, there is no possibility that any claims are owed under such a nonexistent policy. The Doddses' right of recovery must therefore be based upon Schmidt's failure to procure the flood policy as he is alleged to have agreed to do.

The Doddses have alleged that Schmidt was acting as the agent for Nationwide at the time of the transaction in question. Thus, Nationwide may be liable for Schmidt's negligent acts because of this principal/agent relationship. However, Schmidt would still have potential individual liability for his own negligent acts. *American Fire*

*Protection, Inc. V. Lewis*, 653 So.2d 1387 (Miss.1995); *Kitchens v. Mississippi Insurance Guaranty Assoc.*, 560 So.2d 129 (Miss.1989).

Of course, the truth of the Doddses' allegations; the circumstances in which the events in question transpired; and the question of what exactly was said and done; and the questions related to Schmidt's relationship with Nationwide are all issues for the finder of fact to decide after consideration of the evidence supporting the claim and consideration of the evidence offered by the defense.  Likewise the issues related to the standard of care that applies to Schmidt and whether his actions met that standard of care are questions that must be answered on a more complete record.  At this juncture, however, for the purpose of deciding whether a fraudulent joinder has occurred, the Doddses' allegations must be accepted as true; they must be granted all reasonable inferences in favor of their theory of recovery; and any doubtful issues of state law must be resolved in their favor.

Without venturing any opinion on the merits of the Doddses' claim, it appears to me that under the standards applicable to ascertaining whether a fraudulent joinder has occurred, Schmidt and Nationwide have failed to establish that the Doddses have no viable legal theory upon which they may proceed against Schmidt under the Doddses' version of events.

Plaintiffs contend that Schmidt was negligent in failing to procure the flood policy they allegedly requested and as Schmidt allegedly agreed to do.  The plaintiffs' cause of action against Schmidt is for negligence in connection with the procurement of this flood policy.  If the plaintiffs prevail on these claims under Mississippi law, it will not create coverage under the National Flood Insurance Act, nor will it create a policy of flood insurance from which the plaintiffs might benefit, and it cannot, as a matter of law, result in the collection of any benefits under the National Flood Insurance Act.  The available remedies for the alleged negligence do not include the creation of a flood insurance policy.  While the limits of liability the plaintiffs requested may be their measure of damages, should they prevail on the merits, their recovery will be sustained, if at all, under a tort theory and not under a contract theory of recovery.  Thus this case falls outside the scope of federal question jurisdiction under the National Flood Insurance Act. I find the facts of this case substanitally similar to those of  *Landry v. State Farm Fire and Casualty Company*, 428 F.Supp.2d 531 (E.D.La.2006) on Motion To Alter or Amend Order or, in the Alternative, To Vacate Remand Order, *Landry v. State Farm Fire and Casualty Company*, 2006 WL 1593318 (E.D.La.2006), and I agree with Judge Fallon's reasoning on this point.  Plaintiffs contend that Schmidt failed to procure the coverage the plaintiffs requested and he (Schmidt) agreed to secure for them.  This dispute concerns procurement of coverage, not the adjustment of a claim under the flood policy.

Accordingly, I will grant the motion to remand.  An appropriate order will be entered.

Decided this 17th day of October, 2006.

                                                s/ *L. T. Senter, Jr.*
                                                L. T. Senter, Jr.
                                                Senior Judge