# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**ROSS P. DODDS and SHARON W. DODDS**                                 **PLAINTIFFS**

**V.**                                               **CIVIL ACTION NO. 1:06CV915 LTS-RHW**

**RICHARD E. SCHMIDT, III and**
**NATIONWIDE MUTUAL INSURANCE COMPANY**                 **DEFENDANTS**

## MEMORANDUM OPINION ON MOTION FOR RECONSIDERATION

The Court has before it Defendants Richard E. Schmidt, III (Schmidt) and Nationwide Mutual Insurance Company's (Nationwide) motion [12] for reconsideration of the Memorandum Opinion [10] and Order [11] entered on October 17, 2006, granting the plaintiffs' motion [4] to remand. I will treat this motion as a motion to alter or amend under F.R.Civ.P. 59(e).

In support of this motion Schmidt and Nationwide assert:

1. The plaintiffs suffered no flood damage as a result of Hurricane Katrina;
2. The plaintiffs had actual knowledge or constructive notice that no flood policy was ever issued on their property; and
3. The plaintiffs have submitted no evidence that they sustained flood damage to their property and no evidence that they were unaware of their lack of flood insurance.

Nationwide and Schmidt have submitted a Property Loss Report Form stating that the property the report refers to was inspected and found not to have sustained flood damage. (Exhibit A to defendants' memorandum in support of their motion for reconsideration) Defendants have also submitted a transcription of a recorded statement given to a Nationwide representative by Plaintiff Sharon Dodds (Dodds). This statement indicates that the property being referred to sustained no flood damage.

### Contention that the Plaintiffs Suffered No Flood Damage

In response to the defendants' motion, the plaintiffs have submitted the Declaration of Sharon Dodds. This declaration indicates that the plaintiffs own two houses in Ocean Springs, Mississippi. One house is located at 520 Jackson Avenue, and the other is at 505 Front Beach Drive. The plaintiff's declaration states that the Jackson Avenue property sustained no flood damage, and that the Front Beach Drive property was flooded during the storm. (Declaration of Sharon Dodds submitted as an attachment to the plaintiffs' response to the defendants' motion for reconsideration)

The complaint indicates that the plaintiffs borrowed money from Merchants and Marine Bank to remodel the house on Jackson Avenue. To secure this loan, the complaint states that the Front Beach Drive property was mortgaged. (Complaint Paragraph V) The complaint alleges that it was the mortgaged property (the residence on Front Beach Drive) on which the bank required flood insurance. (Complaint Paragraph V)

The Property Loss Report Form (Defendants' Exhibit A in support of the motion for reconsideration) does not give an address for the property that was inspected, but the description of the damage to that property is consistent with Dodds's description of the damage to the Jackson Avenue house, i.e. the property that was inspected sustained no flood damage. The description of the damage in this Property Loss Report Form is entirely inconsistent with the relevant allegations of the complaint. The complaint alleges " On August 29, 2005, Plaintiffs' dwelling and all of its contents were totally destroyed by Hurricane Katrina. Only a slab and rubble remained after the storm." (Complaint Paragraph VIII)

Dodds has declared under penalty of perjury that it was the Front Beach Drive property and not the Jackson Avenue property that sustained flood damage. Dodds also states that her recorded statement (Exhibit B to the defendants' memorandum in support of the motion for reconsideration) refers to the Jackson Avenue property, not the Front Beach Drive property. (Declaration of Sharon Dodds submitted as an attachment to the plaintiffs' response to Nationwide's motion for reconsideration) The transcription of the recorded statement indicates that the address of the property under discussion is 520 Jackson Avenue, Ocean Springs, Mississippi. (Exhibit B to the defendants' memorandum in support of the motion for reconsideration)

Thus, contrary to the defendants' assertion that the plaintiffs sustained no flood damage, there is substantial evidence in the record that the property that was allegedly supposed to be covered by flood insurance, the Front Beach Drive property, did sustain flood damage. The allegations of the complaint are sufficient to identify the Front Beach Drive property as the mortgaged property and as the property on which flood insurance was allegedly requested. I find that the defendants have failed to establish that the plaintiffs suffered no flood damage during Hurricane Katrina.

### Contention that the Plaintiffs Had Actual Knowledge or Constructive Notice that No Flood Policy Was Issued

Nationwide and Schmidt assert that the plaintiffs had actual knowledge or constructive notice that no flood policy was issued. The defendants contend that this actual or constructive knowledge completely negates the right of recovery the plaintiffs have asserted. The defendants have offered no evidence, by affidavit or otherwise, that would support a finding that the plaintiffs had actual knowledge that the flood insurance policy had never issued.

The complaint alleges that the plaintiffs believed they had flood insurance at the time of the storm and that they did not discover until after the storm that a flood policy had not issued. (Complaint Paragraph IX) Thus, the plaintiffs have alleged that they did not have actual knowledge that the flood policy had not issued. The question of actual knowledge is a contested issue of fact, and it is an issue on which the plaintiffs are entitled to the benefit of the doubt. *Dodson v. Spiliada Maritime Corp.*, 951 F2d 40 (5th Cir.1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir.2000).

Constructive knowledge is a mixed question of law and fact. Constructive knowledge may arise where an individual (or an organization) has a fair opportunity to discover specific and relevant facts. For example, a person may be charged with constructive knowledge of matters made a part of the public record. *Thornhill v. Thornhill*, 905 So.2d 747 (Miss.App.2004). A person may also be charged with constructive knowledge of the terms of an insurance policy. *McNutt v. Brown*, 800 So.2d 1274 (Miss.App.2001). The only facts offered in support of the defendants' assertion on this point is the one-year lapse of time between the date the policy was allegedly requested and the date of the storm. The defendants do not specify how this lapse of time operated to create the constructive knowledge on which they rely.

The plaintiffs have alleged specifically that Schmidt agreed to secure the flood policy they requested and that Schmidt accepted a premium for that coverage. The plaintiffs have also alleged that Schmidt indicated he would provide "the necessary paperwork" to the lender. (Complaint Paragraph VI) These allegations support the inference, favorable to the plaintiffs' theory of recovery, that there was a reason the plaintiffs did not notice anything amiss when they did not receive a copy of the flood policy, i.e. Schmidt's alleged representation that he would deliver "the necessary paperwork" to the bank (rather than to the plaintiffs).

The question of constructive knowledge or actual knowledge on the part of the plaintiffs, and on the part of the defendants, goes to the merits of the plaintiffs' claim, and at this juncture, in the context of a removal based on allegations of misjoinder or fraudulent joinder, it is the plaintiffs who are entitled to the benefit of the doubt on this point. In light of the allegations made in the complaint, I cannot say, as a matter of law, that the constructive knowledge asserted by the defendants would entitle Schmidt to judgment as a matter of law or that there is no set of facts that the plaintiffs could prove in support of their claim against Schmidt that would entitle them to relief.

### Contention that the Plaintiffs Have Submitted No Evidence That They Sustained Flood Damage to Their Property or That They Were Unaware of the Lack of Flood Coverage

In a case of removal based on allegations of misjoinder or fraudulent joinder of a non-diverse defendant, it is the removing party's burden to establish that the misjoinder or fraudulent joinder has occurred. *B., Inc., v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981

Neither of the defendants has submitted any evidence, by affidavit or otherwise, that would conclusively show that the plaintiffs have sustained no flood damage. Indeed, the Declaration the plaintiffs submitted is substantial evidence that the plaintiffs did sustain flood damage.

There is no evidence in the record that the premium the plaintiffs allegedly tendered and Schmidt allegedly accepted was ever returned to them or that the plaintiffs were ever notified by Schmidt or anyone else that the flood policy had not issued. The allegation that Schmidt indicated that he would deliver "the necessary paperwork" to the bank, if accepted as true, would support an inference that the plaintiffs reasonably believed that the flood policy had been issued and was in the hands of the bank. This would tend to negate the inference that the plaintiffs should have been aware that the policy was not issued because it was never delivered to them.

Thus, the burden has never shifted to the plaintiffs to substantiate the allegations of the complaint. Defendants have not submitted substantial evidence which, if unrefuted, would entitle Schmidt to judgment as a matter of law. In the absence of contrary evidence, in the context of a motion to remand where removal is premised on misjoinder or fraudulent joinder, the plaintiffs are entitled to the presumption that the allegations of the complaint are true, and the allegations of the complaint are sufficient, in my opinion, to state a cause of action against Schmidt.

**Remand Related Discovery**

The defendants have made the alternative request that I vacate the remand order and allow them to conduct remand-related discovery. This action was removed on September 1, 2006. The local rules of court permit remand-related discovery to proceed without leave of court. Rule 16.1(B)(2)(b). This local rule of court was specifically cited in the order [7] staying this case entered by the United States Magistrate Judge on October 2, 2006.

Having taken no remand-related discovery prior to the entry of the Order granting the plaintiffs' motion to remand, I see no reason to delay a decision on the merits of this action further by vacating the order to remand to permit the defendants to conduct remand-related discovery at this time. The parties will have a full and fair opportunity to conduct discovery in these proceedings in state court following remand.

Accordingly, the defendants' motion for reconsideration, considered as a motion to alter or amend under F.R.Civ.P. 59(e), will be denied, and the alternative relief requested (vacating the remand order to allow remand-related discovery) will also be denied. An appropriate order will be entered.

Decided this 20th day of December, 2006.

/s/ L. T. Senter, Jr.
L. T. Senter, Jr.
Senior Judge